Commonwealth, Appellant, v. Peoples et al.

Argued March 9, 1942.

Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Guy G. DeFuria,* Assistant District Attorney, with him *William B. McClenachan, Jr.,* District Attorney,

*William R. Toal,* and *Albert Blumberg,* Assistant District Attorneys, for appellant.

*J. Paul MacElree,* with him *Harrold R. Gill, E. LeRoy Van Roden* and *Edward A. Kelly,* for appellees.

OPINION BY RHODES, J., April 29, 1942:

Defendants, mayor and members of the council of the city of Chester, were indicted for malfeasance, misfeasance, nonfeasance, and misdemeanor in office. The indictment charged them with having voted upon a resolution before the council fixing salaries of the members of the Chester Municipal Authority when they themselves were the members of the authority. This act the indictment described as "contrary to the provisions of the Act of June 23, 1931, P. L. 932, Article 10, Section 1009." Defendants were tried and convicted; the trial judge sustained motions in arrest of judgment; the Commonwealth has brought these appeals.

The section of the Third Class City Law of 1931, 53 PS §12198-1009, referred to in the indictment, reads as follows: "A member who has a personal or private interest in any measure or bill proposed or pending before the council shall disclose the fact to council, and shall not vote thereon, nor take any part in the discussion of the same. If such interested person shall vote without disclosing his interest in such measure or bill, and the same be carried by his vote, he shall forfeit his office, and the measure or bill shall be void."

The trial judge in arresting judgment took the position that the court was powerless to impose any penalty for the violation of this section other than the forfeiture of office therein provided, because of section 1104 of the Penal Code, Act of June 24, 1939, P. L. 872, 18 PS §5104, which reads: "In all cases where a remedy is provided or duty enjoined, or any thing directed to be done by the penal provisions of any act of assembly,

the direction of said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect."

In its opinion the court below went on to say: "The penalty here being removal from office, it is not, in view of the remedy of quo warranto, as provided by the Act of 1836 necessary to call into operation the common law to carry into effect section 1009 of the Third Class City Code of 1931, P. L. 932, and, as a consequence, a conviction under this indictment cannot be sustained. In this particular case it would serve no useful purpose if it could be sustained in view of the fact that the only penalty that could be imposed is removal from office and that the court of common pleas of this county has heretofore, to wit, on the 17th day of June, 1941, entered its decree ousting from office Clifford H. Peoples, mayor, who is one of these defendants, and on the 3d day of September, 1941, such of these defendant councilmen who were in office at the time of the entering of the latter decree, for doing the same things which are the basis of this indictment."

We are unable to accept this construction of these statutes.

The indictment specifically charged common law offenses, which are not defined by statute in Pennsylvania. *Com. v. Brownmiller,* 141 Pa. Superior Ct. 107, 120, 14 A. 2d 907; *Com. v. Kirk et al.,* 141 Pa. Superior Ct. 123, 135, 14 A. 2d 914[1]; *Com. v. Hubbs (No. 2),* 137 Pa. Superior Ct. 244, 247, 248, 8 A. 2d 618. Breach of a positive statutory duty constitutes one type of misfeasance in office *(McNair's Petition,* 324 Pa. 48, 55, 187 A. 498); and it was for this abuse of their official powers that defendants were indicted. The reference to section 1009 of the Act of 1931, P. L. 932, 53 PS

---

[1] Affirmed 340 Pa. 346, 17A. 2d 195.

§12198-1009, in the indictment was a particularization of the misconduct constituting the offenses charged, and nothing more. All of this the court below would seem to have conceded. As we understand the opinion of the court below, the precise point which moved it to arrest judgment was the penalty to be imposed upon conviction under a common law indictment based upon section 1009 of the Act of 1931, P. L. 932, 53 PS §12198-1009. The court's opinion reads in part: "By reason of this act, the only penalty that could be imposed, after conviction under a common law indictment based upon it, would be removal from office ......" Both in its opinion sustaining the motions in arrest of judgment, and in an earlier opinion denying defendants' motions to quash the indictment, the court apparently held that the offenses charged were not statutory but were under the common law. It felt, however, that the combined effect of the sections of the Penal Code of 1939, 18 PS §5104, and the Third Class City Law, 53 PS §12198-1009, which we have quoted, restricted the penalty to forfeiture of office.

Section 1104 of the Penal Code of 1939, 18 PS §5104, is a reenactment of section 183 of the Act of March 31, 1860, P. L. 382, 18 PS §3712, which was in force when the Third Class City Law of 1931 was passed, with the addition of the terms "penal provisions." That section in turn was taken from section 13 of the Act of March 21, 1806, 4 Sm. L. 326, 332, 46 PS §156.

Section 178 of the Act of March 31, 1860, P. L. 382, 18 PS §3741, also provided that: "Every felony, misdemeanor or offense whatever, not especially provided for by this act, may and shall be punished as heretofore." In the Penal Code of 1939 this principle was embodied in section 1101, 18 PS §5101, as follows: "Every offense now punishable either by the statute or common law of this Commonwealth and not specifically provided for by this act, shall continue to be an offense punishable as heretofore." Any ambiguity developed

in a comparison of these sections could be resolved in favor of the judgment of the court below, on ordinary tenets of construction of penal statutes in favor of the accused, even if that were to proscribe any common law penalty for the offense of malfeasance in office in every case of breach of a positive duty enjoined by a statute providing a penalty for such a breach. But the offenses here charged do not fall within any such ambiguity, and these difficulties need not be resolved in the present case because they are not presented by the precise facts of the case. As the court below observed in its opinion overruling defendants' motions to quash the indictment before trial, the violation of section 1009 of the Act of 1931, 53 PS §12198-1009, committed by defendants, was not in voting upon the resolution without disclosing their personal interest, that having been disclosed beyond any concealment by their official appointment of themselves to the authority, but in voting on the measure at all. The penal provision of section 1009, forfeiture of office, by its terms relates only to voting without disclosure. The duty enjoined by the section not to vote is not imposed by the penal provision of the section. A majority of the members of this court agree that this requirement of section 1009 is not within the meaning of section 1104 of the Penal Code of 1939, 18 PS §5104, or of section 13 of the Act of 1806, 46 PS §156, and that those restrictions therefore cannot be exclusive of a penalty at common law for breach of the duty imposed by the mandatory language of the section. In other words, the duty here violated by defendants was not enjoined by the penal provisions of any act of assembly, or a breach of it so penalized; both the offenses and the penalty to be imposed come under the common law. Any other determination would inevitably permit not only the quiet erosion of the essential foundations of stable government, but a deliberate assault on the maintenance of official honesty, propriety, and morality. We cannot fail to recognize the appli-

cability of the common law in this case, and the fulfillment of its purpose in defendants' conviction. "It would be a reproach to the law were it powerless to punish" defendants to no greater extent than to deprive them of the office in which they have misbehaved, for which misbehavior they have been indicted and convicted. See *Com. v. McHale et al.*, 97 Pa. 397, 408, 411. "All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office ......": Constitution of the Commonwealth of Pennsylvania, art. 6, §4 PS. We are of the opinion that the legislature never intended the result which follows the conclusion of the court below.

The order sustaining defendants' motions in arrest of judgment and arresting judgment as to each defendant is reversed, and the record is remitted with a procedendo.